[Civ. No. 4422.    First Appellate District, Division Two.—June 11, 1923.]

N. G. POULSEN et al., Respondents, v. CENTRAL COMMERCIAL CO., INC. (a Corporation), Appellant.

[1] PLEADING—CROSS-COMPLAINT — MISTAKE—DEFAULT—AMENDMENT—TERMS.—Where a cross-complaint for damages for failure to deliver rice contains an error in the quantity of rice agreed to be delivered (due to the use of the word "pounds" instead of "tons") and the plaintiffs fail to file an answer thereto, the trial court acts within its discretion in denying defendant's application, made at the time of trial, to correct the error in its pleading where defendant refuses to consent to the setting aside of plaintiffs' default.

[2] ID.—DEFAULT—CONSTRUCTION OF PLEADING—JUDGMENT.—In such action, defendant having refused to amend its cross-complaint upon the terms imposed by the court, it was entitled, upon the default of the plaintiffs, to a judgment against them based upon its pleading construed most strongly against it.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. James M. Troutt, Judge. Affirmed.

The facts are stated in the opinion of the court.

Joseph E. Bien and Frederick Olschewski for Appellant.

E. Lyders for Respondents.

LANGDON, P. J.—Defendant appeals from a judgment against it for $720, together with interest and costs, particular objection being made to the action of the trial court in allowing but $2.25 to defendant against plaintiffs upon a so-called cross-complaint.

It is not contended that the defendant was not indebted to the plaintiffs in the amount for which judgment was rendered, but it is claimed by the appellant that it should have recovered $4,500 upon its cross-complaint instead of the sum of $2.25.

The plaintiff sued for $720, commission upon a sale of rice for the defendant. The defendant answered, denying the indebtedness, and alleging "for a second and separate defense and by way of cross-complaint . . . that on or about

the 15th day of May, 1918, plaintiffs sold to defendant and defendant agreed to buy from plaintiffs one hundred and fifty *pounds* of rice . . . for the price of $7.50 per hundred pounds, making a total purchase price of $22,500.'' Failure of seller to deliver said rice is then alleged; that the value of the rice at the time and place of delivery was $9 per hundred pounds, or a total of $29,000, and that the defendant has been damaged in the sum of $6,500, a judgment for which amount is asked.

There was some controversy between plaintiffs and defendant at the time of the trial as to whether the defendant's pleading was an answer and counterclaim, requiring no denial by plaintiffs, or whether it was an answer and cross-complaint, as it purported to be, requiring an answer. The point is immaterial here, because the trial court treated it as a cross-complaint, requiring an answer, counsel for appellant contended in the trial court and is contending in this court that it is such, and for the purposes of this appeal we shall agree with him and take this view of the matter, which is the one most favorable to the case of the appellant. We shall refer, hereinafter, to such pleading as a ''cross-complaint.''

[1] Plaintiffs failed to answer in time said cross-complaint, whereupon defendant caused a default to be entered against them. When the matter came on for hearing, it was pointed out that the cross-complaint alleged a breach of a contract of sale of but 150 lbs. of rice, with a resulting damage to defendants of $1.50 per hundred pounds, or a total of $2.25. Plaintiffs proved their claim for $720 and stated by their counsel, that they were entirely willing that the defendant be allowed on its cross-complaint damages computed on its actual allegations as to the terms of the contract which had been breached. Thereupon, defendant insisted that the cross-complaint contained a typographical error; that the 150 *pounds* should have been 150 *tons,* and that the computations of $22,500, $29,000, and $6,500 appearing in the pleading should govern rather than the allegations on which they were based. The trial court, very properly, we think, stated that there was no presumption that the computations were more correct than the statement of weight, and that its power to construe pleadings did not extend to the length required by the defendant,

and suggested to the defendant that it amend its cross-complaint, allowing the plaintiffs leave to reply thereto. This was clearly within the power of the trial court, which had discretion to allow amendment upon such terms as might be just (Code Civ. Proc., sec. 473), and it was clearly just to allow the plaintiffs to reply when claim was sought to be made against them upon a contract different from the one alleged in the pleading with which they had been served. Plaintiffs stated to the court that they had failed to answer the cross-complaint, first, because they regarded it as a counterclaim, not requiring answer, and, second, because they felt that if there was any doubt about the nature of the pleading, nevertheless, damages for failure to deliver so inconsequential an amount of merchandise might well be conceded to defendant without controversy, but that they desired an opportunity to reply to the amended cross-complaint if amendment should be allowed. Attorney for defendant agreed that he would amend his pleading and that plaintiffs' default should be set aside and they should be given an opportunity to answer. However, during the course of the colloquy between court and counsel, it was intimated that the plaintiffs would rely upon the statute of frauds as a defense to the contemplated amended cross-complaint. Thereupon, counsel for defendant stated that he would not stipulate that the default should be set aside if plaintiffs were to be permitted to rely upon the statute of frauds, and refused to consent to setting aside said default, in consequence of which the court refused to allow an amendment to his pleading.

It would seem that the trial court acted with all fairness and justice in the premises. The defendant had made a mistake in his pleading. The court was willing to exercise its discretion and allow amendment upon terms eminently fair and just; counsel for plaintiff was entirely willing that this should be done, stipulating only that plaintiffs should have an opportunity to reply to the amended pleading. The defendant was not entitled to insist that the plaintiffs should forego a defense which the law provided for them. Clearly, while the cross-complaint was for damages growing out of the sale of 150 pound of rice, the statute of frauds had no bearing upon the matter. Had the cross-complaint been amended to allege a sale of 150 tons instead of 150

pounds of rice, the plaintiffs might have raised the question of compliance with the statute of frauds by their answer thereto. This was as legitimate a defense as any defense upon the merits, and counsel had no right to insist that it should not be urged.

This is the only point in the case. [2] The trial court could not construe the pleading in accordance with the computations therein and ignore the allegations of facts upon which the computations were based, and the defendant refused to amend upon the obviously just terms imposed by the trial court. Defendant was entitled, therefore, upon the default of the plaintiffs, to a judgment based upon its pleading construed most strongly against the pleader.

The judgment is affirmed.

Nourse, J., and Sturtevant, J., concurred.